UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| PRESTON JONES, JR., | ) | |
| | ) | |
| Petitioner, | ) | No. 5:25-CV-13-REW-CJS |
| | ) | No. 5:25-CV-31-REW-CJS |
| v. | ) | |
| | ) | |
| AMY ROBEY, WARDEN, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner Preston Jones, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] *See* DE 1. Jones received state convictions and sentences, for separate sexual felonies occurring years apart, in the Commonwealth. Jones's sole asserted ground for relief is that his state sentence for the last conviction has already "been satisfied due to the plain language in the final judgment" entered against him in the Fayette Circuit Court. *See id.* at 6. On referral, United States Magistrate Judge Candace J. Smith recommended that the Court deny Jones's petition and deny a certificate of appealability. *See* DE 21 at 5–8. Jones objected, asserting that he is entitled to relief in large part because the Fayette Circuit Court's purported error violated the Due Process Clause and the Supremacy Clause. *See* DE 22 at 3–5. For the following reasons, the Court overrules Jones's objections, substantively adopts Judge Smith's recommended disposition, and denies Jones's § 2254 petition.

**I.**

[1] When discussing particular docket entries, the Court refers to the filings in 5:25-CV-13-REW-CJS, unless otherwise specified. This Order address both petitions in the consolidated proceeding.

In 2019, Jones was convicted of two counts of third-degree sodomy and one count of third-degree rape in Fayette Circuit Court (No. 17-CR-868). *See* DE 16 at 4. Following his release under that three-year sentence, while still under mandatory conditions and a further five-year conditionally discharged term, Jones was arrested for violating the terms of his sex offender post-incarceration supervision. *See id.*; DE 21 at 1-2. Shortly after that arrest, Jones was indicted on new criminal charges associated with the supervision violation—including first-degree sexual abuse—in Fayette Circuit Court (No. 22-CR-208). *See* DE 16-2 at 26. Jones eventually pleaded guilty to one count of first-degree sexual abuse, and the other counts were dismissed. *See* DE 16-1 at 1. He was ultimately sentenced to a two-and-a-half-year term of imprisonment. *See id.* at 2. The judgment specified that "[a]ny pending violations of conditions of release" were dismissed and further clarified that Jones would "be awarded custody credit [as calculated by the state] . . . towards service of the maximum term of imprisonment." *Id.* The sentence was to run consecutively "with any other previous felony sentence[.]" *Id.*

Jones subsequently initiated an administrative proceeding with the Kentucky Department of Corrections ("KDOC"), requesting that 556 days—the time that had elapsed between Jones's violation arrest and second conviction—be credited toward his sentence in 22-CR-208. *See* DE 16-2 at 11, 16. Because Jones was returned to state custody for a violation of his sex offender post-incarceration supervision under the 17-CR-868 judgment, and not for his first-degree sexual abuse conviction, KDOC informed Jones that the time he had served could not be credited toward his latter sentence under Kentucky law. *See id.* at 18. In a separate communication, KDOC noted that "[t]he condition . . . in the judgment . . . stating '[a]ny pending violations of conditions of release are hereby dismissed' only applies to th[at] judgment." *Id.* at 19. KDOC also stated that

Jones had exhausted his administrative remedies, and that he could challenge its decision by filing a motion in the Fayette Circuit Court, per state law, within 30 days. *See id.* at 20.

Declining to follow that instruction, Jones instead filed a state habeas petition in the Fayette Circuit Court (No. 24-CI-2170), the court where the at-issue judgments originated. *See id.* at 1. The Fayette Circuit Court quickly dispatched that petition. *See* DE 16-3 at 1. Judge Bunnell noted that the language Jones presses is boilerplate regularly included in final judgments and refers only to pending bond or pretrial release violations, not to post-conviction or sex-offender supervision matters. *See id.* She endorsed the state's credit treatment. *See id.* Jones then appealed to the Kentucky Court of Appeals. *See* DE 16-4 at 1. There, the court reiterated that Jones "could not be awarded jail time credit for both his post-incarceration sentence after revocation of such and his pretrial custody" and summarily affirmed the denial of his petition. *See id.* at 3–4. That court held, again, that the language at issue pertained to "pretrial release conditions in Action No. 22-CR-00208" and not to "violations of post-incarceration supervision imposed as a result of a sentence in another criminal action." *Id.* at 4.

Jones then proceeded to file the present § 2254 petition.[2] *See* DE 1. In it, he raises a virtually identical argument and seeks identical relief. *See id.* at 6. Warden Robey, through counsel, filed a combined answer and memorandum of law opposing Jones's petition. *See* DE 16. Jones responded to that filing soon after. *See* DE 20. On referral, Judge Smith recommended that the Court deny Jones's petition and deny a certificate of appealability. *See* DE 21 at 6–7. She specifically noted that Jones had only challenged the Kentucky court's interpretation and

[2] Although Jones filed the petition in the Western District of Kentucky, it was subsequently transferred to this Court. *See* DE 5. Jones later filed an identical petition in the Western District of Kentucky, *see Jones v. Robey*, No. 5:25-CV-31 (E.D. Ky. filed Jan. 29, 2025), at DE 1, which was again transferred to this Court. That action was then consolidated with the present action. *See* DE 11. The two cases are one under this Order.

application of the Commonwealth's own sentencing laws, and as a result, federal habeas relief was unwarranted. *See id.* at 6. Jones objected to Judge Smith's recommendation, primarily arguing that the Kentucky court's determination "undermine[d] confidence in the fundamental fairness of the state adjudication" and otherwise conflicted, generically, with federal law. *See* DE 22 at 3–5. The Warden did not respond to Jones's objections. Accordingly, the matter is now ripe for the Court's review.

**II.**

**A.**

Pursuant to 28 U.S.C. § 2254(a), a person held in custody under a judgment of a state court may apply "for a writ of habeas corpus . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Since enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, a successful § 2254 petition must establish that the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1)'s "contrary to" prong, the Court "may grant [a] writ if the state court arrives at a conclusion opposite to that reached by th[e U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). In contrast, § 2254(d)(1)'s "unreasonable application" prong permits the Court to "grant [a] writ if the state court identifies the correct governing legal principle from th[e U.S. Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This latter inquiry

is focused on "whether the state court's application of clearly established federal law was *objectively* unreasonable." *Id.* at 1521 (emphasis added).

"[C]learly established federal law" encompasses only the U.S. Supreme Court's holdings. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012)). It does not include issues that the U.S. Supreme Court has not confronted, *see Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015), or dicta from the Supreme Court's opinions, *see Brown v. Davenport*, 142 S. Ct. 1510, 1525 (2022). Relatedly, when this Court evaluates the state court's legal conclusions, it must afford a high degree of deference. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1391 (2011). Indeed, the Court may overturn the state court's application of federal law only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e U.S. Supreme] Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

When a petitioner seeks relief under § 2254(d)(2)'s "unreasonable determination" prong, the Court must afford a presumption of correctness to any factual issue decided by the state court. *See* 28 U.S.C. § 2254(e)(1). It is the petitioner's responsibility to rebut that presumption by clear and convincing evidence. *See id.* The mere fact that the Court "would have reached a different conclusion" of fact than either the state trial court or state appellate court is insufficient. *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 130 S. Ct. 841, 849 (2010)); *see also Treesh v. Bagley*, 612 F.3d 424, 430 n.1 (6th Cir. 2010) (citing *Sumner v. Mata*, 101 S. Ct. 764, 768–69 (1981)). While conducting its inquiry, the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398.

Crucially, § 2254 petitions are subject to a strict exhaustion requirement. *See Baldwin v. Reese*, 124 S. Ct. 1347, 1349 (2004). Before a federal habeas court may consider a § 2254 claim,

the petitioner must have exhausted his remedies in state court by carrying the claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). Closely related, yet distinct from the exhaustion requirement, is the concept of procedural default. *See Coleman v. Thompson*, 111 S. Ct. 2546, 2554 (1991). If the petitioner failed to present his claim in state court, and an independent and adequate state ground now bars the claim from being raised, the claim is procedurally defaulted.[3] *See id.* at 2554.

**B.**

In evaluating a magistrate judge's recommendation, the Court must review *de novo* the "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1)(C). While the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," *see id.*, it is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings," *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review).

The Sixth Circuit has previously recognized that "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)); *see also Holl v. Potter*, No. 1:09-CV-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the

[3] Although this same terminology is used to refer to a type of jurisdictional bar that precludes a federal court's direct review, the language means something different in the habeas context, where it is instead grounded in principles of "comity and federalism." *Coleman*, 111 S. Ct. at 2554.

memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived."). And while the Court construes *pro se* filings liberally, this leniency has limits: a "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). The Court tailors its analysis accordingly.

**III.**

**A.**

After applying a generous gloss to Jones's filing, the Court is able to identify three substantive objections: (1) Judge Smith erred in concluding that the Fayette Circuit Court's interpretation and application of Kentucky's sentencing laws did not warrant federal habeas relief; (2) Judge Smith should have recognized that the Fayette Circuit Court violated the Due Process Clause and the Supremacy Clause; and (3) Judge Smith improperly declined to assess the timeliness of Jones's petition. *See* DE 22 at 2–6. Given that all three of these arguments lack traction, the Court overrules each of Jones's objections.

First, Jones argues—contrary to Judge Smith's recommendation—that relief is warranted because the Fayette Circuit Court failed to comply with two state statutory provisions. In particular, Jones cites K.R.S. § 532.120(3) for the proposition that "[t]ime spent in custody prior to the commencement of a sentence as a result of the charge culminated in the sentence shall be credited . . . toward service of the maximum term of imprisonment," and K.R.S. § 532.120(4) for the proposition that "[i]f a person has been in custody due to a charge that culminated in a dismissal, . . . the amount of time that would have been credited under subsection (3) . . . if the defendant had been convicted of that charge shall be credited as provided in subsection (3)."

But Judge Smith correctly concluded that a Kentucky court's interpretation of a Kentucky sentencing statute, indeed of Kentucky law, does not provide a basis for federal habeas relief. *See* DE 21 at 5–6. In *Howard v. White*, the Sixth Circuit explicitly found that a petitioner's claim was "not cognizable in [a] federal habeas corpus proceeding because it challenge[d] the state court's interpretation and application of its sentencing laws and guidelines," and further stated that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." 76 F. App'x 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)); *see also Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991)) ("[T]he actual computation of [a petitioner]'s prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."). Because "federal habeas corpus relief does not lie for errors of state law," Jones's first objection fails. *Estelle*, 112 S. Ct. at 480 (quoting *Lewis v. Jeffers*, 110 S. Ct. 3092, 3102 (1990)). To the extent Jones argues that he is entitled to relief based solely on the Fayette Circuit Court's allegedly unreasonable interpretation of § 532.120 or other state law, he is incorrect.

And although Jones attempts to bolster his argument by suggesting that Judge Smith recognized a violation of Kentucky law, she did no such thing. *See* DE 22 at 2. Rather, she merely determined that whether the Kentucky court violated Kentucky law was not a proper question for federal habeas review. *See* DE 21 at 5–6. And indeed, it appears that the Fayette Circuit Court acted consistently with Kentucky law, reasonably determining that the language of Jones's first-degree sexual abuse judgment applied only to that specific conviction (and any pending pre-trial violation matters) and that Jones was properly denied credit under K.R.S. § 532.120(3). Kentucky

law is for Kentucky courts to determine; that is what here occurred, and federal habeas takes no ken of the subject matter.

Second, Jones asserts that the Fayette Circuit Court violated his rights under the Due Process Clause and the Supremacy Clause, and that Judge Smith should have granted habeas relief on account of those constitutional errors. But this argument merely repackages Jones's disagreement with the Fayette Circuit Court's interpretation of Kentucky law in flimsy constitutional terms. *See Howard*, 76 F. App'x at 53; *Kipen*, 65 F. App'x at 959. While Jones correctly notes that errors, of specific variety, undermining confidence in the fundamental fairness of a state adjudication can justify habeas relief, *see* DE 22 at 5 (citing *Teague v. Lane*, 109 S. Ct. 1060, 1075–77 (1989)), he does nothing to show that such an error occurred here. And while Jones is likewise correct in asserting that federal law necessarily supersedes conflicting state law, *see id.* at 3 (citing *Danforth v. Minnesota*, 128 S. Ct. 1029, 1046–47 (2008)), he does not suggest that the Kentucky court's determination conflicted with any specific federal law. Because Jones has failed to identify any clearly established federal law that the Kentucky court has violated or unreasonably applied, he cannot prevail. *See* 28 U.S.C. § 2254(d)(1). The habeas field is narrow, and Jones cites to no United States Supreme Court case that speaks, much less clearly so, to the scenario here presented, where a state computes credit, under its laws, and the federal constitution intercedes. Jones presents no cognizable federal claim under § 2254.

Third, Jones contends that Judge Smith should have assessed the timeliness of his petition. However, Judge Smith correctly noted that "[b]ecause untimeliness is not a jurisdictional bar to review, [the Court] may assume the petition was timely and . . . [deny] relief on the merits." DE 21 at 4 (quoting *LaMar v. Houk*, 798 F.3d 405, 415 (6th Cir. 2015)); *see also Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023) (citing *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 429

n.2 (6th Cir. 2006)) ("[B]ecause the statute of limitations does not present a jurisdictional bar to habeas review, and because we hold that [the petitioner] is not entitled to habeas relief for the reasons discussed below, we decline to determine on appeal whether the district court properly tolled [the] petition."). Due to the fact that Jones's petition lacks merit, nothing compels the Court to decide on the petition's timeliness (a matter treated as in Jones's favor, for purposes of analysis). The Court overrules Jones's objections in their entirety.

**B.**

Jones has not offered any meritorious argument, and he has not made a "substantial showing" as to any claimed denial of rights. 28 U.S.C. § 2253(c)(2). Nor has he established, on substantive or procedural grounds, that "jurists of reason could disagree with the . . . resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 120 S. Ct. 1595, 1603–04 (2000)). The simple fact that Jones has not effectively alleged that the calculation of his sentence was contrary to, or involved an unreasonable application of, clearly established federal law is determinative. *See generally* DE 1; DE 20; DE 22. Finding that conclusion beyond reasonable debate, the Court denies a certificate of appealability. Kentucky categorically ruled on the judgment's effect and meaning under Kentucky law, thus assigning credit per the determinations of the Commonwealth. That decision triggers nothing to warrant intervention from the federal courts via habeas.

**IV.**

For the above-stated reasons, the Court ORDERS as follows:

1. The Court OVERRULES Jones's objections, DE 22;

2. The Court ADOPTS Judge Smith's recommended disposition, DE 21, and DENIES Jones's § 2254 petition, DE 1;
3. The Court DENIES a certificate of appealability;
4. The Court DIRECTS the Clerk to strike this matter from the active docket; and
5. The Court will enter a separate Judgment contemporaneously with this Order.

This the 29th day of October, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**